[No. 11710.   Department Two. — August 31, 1887.]

## A. K. PRITCHETT, APPELLANT, *v.* STANISLAUS COUNTY, RESPONDENT.

MUNICIPAL CORPORATIONS — ACT OF MARCH 2, 1883 — CONSTITUTIONAL LAW. — The act of March 2, 1883, providing for the classification of municipal corporations according to their population, is constitutional, and is a general law within the meaning of section 6 of article 11 of the constitution.

ID. — MUNICIPAL CORPORATION OF SIXTH CLASS — MARSHAL — COMPENSATION OF MUST BE FIXED BY ORDINANCE — PLEADING. — Under sections 855 and 881 of the act of 1883 for the government of municipal corpora-

tions, the marshal of a municipal corporation of the sixth class is not entitled to compensation for services performed by him in executing processes in criminal cases, unless the board of trustees of the municipality have fixed by ordinance the compensation to be paid him therefor; and in an action by the marshal to recover for such services, the complaint must allege the class to which the municipality belongs, the ordinance fixing his compensation, and that the claim for services accords with the ordinance.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

*Schell & Bond,* for Appellant.

*J. R. Kittrell,* and *T. A. Coldwell,* for Respondent.

THORNTON, J.—This action was brought by the plaintiff to recover for services rendered by him as marshal of the city of Modesto of the county above named. The services for which a recovery is claimed are for the execution of process, such as warrants of arrest and subpœnas issued out of a Justice's Court of the county aforesaid in criminal cases, for a period extending from the 4th of May, 1885, to the 9th of January, 1886.

The demurrer was sustained, and we think properly.

By the act of March 2, 1883, entitled "An act to provide for the classification of municipal corporations" (Stats. 1883, p. 24), it was provided as follows:—

"All municipal corporations within the state are hereby classified as follows: Those having a population of more than one hundred thousand shall constitute the first class; those having a population of more than thirty thousand and not exceeding one hundred thousand shall constitute the second class; those having a population of more than fifteen thousand and not exceeding thirty thousand shall constitute the third class; those having a population of more than ten thousand and not exceeding fifteen thousand shall constitute the

fourth class; those having a population of more than three thousand and not exceeding ten thousand shall constitute the fifth class; those having a population of not exceeding three thousand shall constitute the sixth class."

We think this act is constitutional, as it is a general law. (Constitution, art. 11, sec. 6; *Thomason* v. *Ashworth, ante,* p. 73.)

It is said that the city of Modesto is a municipal corporation of the sixth class, and the board of trustees of the city are authorized by law to fix by ordinance the compensation of the marshal, which compensation shall not be increased or diminished during his term of office. Such is the provision made by statute. (See Stats. 1883, sec. 855, p. 268.)

It is further provided by section 881 of the same act (Stat. 1883, p. 278) that the board of trustees shall, by ordinances not inconsistent with the provisions of this chapter, prescribe the additional duties of officers and fix their compensation. The compensation fixed by the board of trustees under section 855 is to be for all duties imposed on the marshal by the act. These duties are set forth in section 880 (Stats. 1883, p. 277), and include the duty to execute and return all process issued and directed to him by any legal authority, and by the same section, for the service of any process he is to receive the same fees as constables.

It may be that we cannot take judicial notice to what class the city of Modesto belongs. But to whatever class it belongs, the marshal is not entitled to the compensation claimed from the county of Stanislaus for the services performed and set forth in the complaint in this case. The compensation allowed the marshal in the fifth and sixth classes (and there is no such officer in the other classes, first, second, third, and fourth) is to be fixed as stated above,—that is to say, the same provision is as to the compensation of the marshal in mu-

nicipal corporations of the fifth class as in this of the sixth. (Stats. 1883, p. 251, sec. 755.)

It does not appear that the board of trustees of the city of Modesto has passed any ordinance fixing the compensation of the marshal, but we presume it has. If it has passed such ordinance, the marshal is only entitled to the compensation so fixed. If no such ordinance has been passed by it, then the marshal can recover nothing.

It should have been set forth in the complaint, to entitle the plaintiff to recover, to what class of municipal corporations the city of Modesto belongs, and what compensation to the marshal had been fixed by an ordinance passed by the board, and it should further appear that the claim of plaintiff accorded with such ordinance.

In this view, the complaint of plaintiff is fatally defective, and the demurrer to it was properly sustained.

The judgment must be affirmed.

Ordered accordingly.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.