[No. 14013.    Department Two. — January 26, 1891.]

J. N. MUNDELL, APPELLANT, v. THE CITY OF PASADENA, RESPONDENT.

MUNICIPAL CORPORATIONS — COMPENSATION OF CITY MARSHAL. — The compensation of a city marshal of a municipal corporation of the sixth class, as fixed by the board of trustees under section 855 of the municipal corporation act, is for all duties imposed on the marshal by the act.

ID. — FEES FOR SERVICES IN RECORDER'S COURT. — The city marshal cannot recover from the city any fees for services rendered in arresting offenders, and summoning witnesses and jurors, by virtue of warrants of arrests, subpœnas, and *venires* issued out of the recorder's court of the city.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Gage & Roberts*, for Appellant.

*W. A. Arthur*, for Respondent.

The Court. — This is an action to recover for services rendered by the plaintiff as city marshal of the defendant. A general demurrer to the complaint was interposed and sustained. The plaintiff declined to amend, and thereupon the court gave judgment that he take nothing. From that judgment he appeals.

The facts stated in the complaint are, in substance, as follows: In April, 1886, and again, in 1888, the plaintiff was duly elected city marshal of the city of Pasadena, a municipal corporation of the sixth class. Each term of office was two years, and after each election he duly qualified and entered upon the discharge of his official duties. His compensation for both terms was fixed by the board of trustees of the city at eight hundred dollars per year, and was paid. Between the thirty-first day of July, 1886, and the thirtieth day of April, 1888, he rendered services to the defendant corporation, in arresting offenders, and summoning witnesses and jurors, by virtue of warrants of arrest, subpœnas, and *venires* duly and regularly issued out of the recorder's court of the city, and for these services the defendant became and is indebted to him in the sum of $863.55. Again, between the first day of May, 1888, and the twenty-second day of March, 1889, he rendered other like services, for which the defendant became and is indebted to him in the sum of $318.25. Before commencing his action, he demanded of defendant payment of both sums, but the defendant refused and still refuses to pay the same, or any part thereof.

The act of the legislature entitled " An act to provide for the organization, incorporation, and government of municipal corporations," approved March 13, 1883,

(Stats. 1883, p. 93) provides, in the chapter relating to "Municipal corporations of the sixth class" (sec 855), that the clerk, treasurer, marshal, and recorder shall severally receive, at stated times, a compensation to be fixed by ordinance by the board of trustees, which compensation shall not be increased or diminished after their election, or during their several terms of office." And section 880 of the same chapter provides what duties the marshal shall be required to perform. Among other things, it says: "He shall and is hereby authorized to execute and return all process issued and directed to him by any legal authority. . . . . He shall, for service of any process, receive the same fees as constables. He may appoint, subject to the approval of the board of trustees, one or more deputies, for whose acts he and his bondsmen shall be responsible, whose only compensation shall be fees for the service of process, which shall be the same as those allowed to the marshal."

In *Pritchett* v. *Stanislaus County*, 73 Cal. 310, the plaintiff was marshal of the city of Modesto, a city of the sixth class, in the county of Stanislaus. He brought his action against the county to recover for services rendered by him in the execution of process, such as warrants of arrest and subpœnas, issued out of a justice's court of the county in criminal cases. A demurrer to the complaint was interposed and sustained. It was said by this court, referring to the provisions of the statute above quoted: "The compensation fixed by the board of trustees under section 855 is to be for all duties imposed on the marshal by the act. These duties are set forth in section 880 (Stats. 1883, p. 277), and include the duty to execute and return all process issued and directed to him by any legal authority; and, by the same section, for the service of any process he is to receive the same fees as constables." And again: "It does not appear that the board of trustees of the city of Modesto has passed any ordinance fixing the compensation of the marshal, but we

presume it has.  If it has passed such ordinance, the marshal is only entitled to the compensation so fixed. If no such ordinance has been passed by it, then the marshal can recover nothing." It was held that the demurrer was properly sustained, and the judgment was affirmed.

That case is directly in point here, and upon its authority it must be held that the demurrer in this case was properly sustained, and the judgment must be affirmed.  So ordered.