[No. 13791.   Department Two. — March 21, 1891.]

DANTE R. PRINCE, RESPONDENT, *v.* CITY OF FRESNO, DEFENDANT AND RESPONDENT. COUNTY OF FRESNO, INTERVENOR AND APPELLANT.

CITY RECORDER — DUAL JURISDICTION. — Under the Municipal Corporation Act the recorder of a city may have a dual jurisdiction and functions, and may be a justice of the peace as to some matters, and a recorder as to others.

ID. — JURISDICTION AS JUSTICE OF THE PEACE — PENAL CODE — FEES — COUNTY CHARGES. — Under sections 806 et seq. of that act, a city recorder possesses the right to act as a justice of the peace, and is, to all intents and purposes, a justice of the peace as to all criminal matters coming before him under the Penal Code, as distinct from the city ordinances; and when acting under that code he has authority to charge the county and receive for his services such fees as are allowed by law to justices of the peace in a township of a county for like services.

Appeal from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*W. D. Tupper,* and *H. H. Welsh,* for Appellant.

*Goucher & Jones,* for Respondent Prince.

*C. C. Merriam,* for Respondent City of Fresno.

Foote, C.—This action was tried upon an agreed state of facts, under sections 1138 and 1140 of the Code of Civil Procedure. The plaintiff is the duly elected and qualified recorder of the city of Fresno, which is a city of the fifth class under the laws of the state.

During the months of April, May, June, July, August, and September, 1889, he "collected fines in his court from parties convicted therein of violations of various provisions of the Penal Code of the state of California, as distinguished from violations of the ordinances of the city of Fresno, to the amount of $646.90." He presented to the city his bill for fees claimed to be due him, earned during that time, in substance, as follows: For fees in cases where fines were collected for violations of the Penal Code of the state, $175. For fees in cases where fines were not collected for violations of the Penal Code, $319.25. Total fees claimed, $494.25. The city refused to allow the bill in whole or in part.

The county came in as an intervenor, claiming to be interested in the suit, and it is set out in the agreed facts that "if it be determined that the city is not liable to the recorder for said fees, then the county is liable, it being unquestioned that either the city or county is so liable. And if the determination of this suit is adverse to the recorder, the plaintiff, then the fines collected as aforesaid, to wit, the said sum of $646.90, should be paid in to the county treasurer. Wherefore it is prayed that the

questions raised by the facts above stated be determined by this court and judgment entered accordingly."

Judgment was rendered "that plaintiff pay to the county treasurer of the said county of Fresno, intervenor herein, all fines heretofore imposed by him for violations of the provisions of the Penal Code, and paid after commitment, and the residue of all such fines paid before commitment, after deducting therefrom the expenses of the prosecution in cases in which said fines were imposed, and that the intervenor, by its proper officers, agents, and representatives, audit and pay to plaintiff for his services heretofore rendered in cases of violations of the provisions of the Penal Code the same fees and compensation as are allowed by law to justices of the peace in like cases."

The recorder's court of the city of Fresno, its jurisdiction, rules, practice, and procedure, are established by section 806 of the act entitled "Municipal Corporation Bill." (Deering's Pol. Code, p. 830.)

" Said recorder's court shall have jurisdiction, concurrently with the justices' courts, of all actions and proceedings, civil and criminal, arising within the corporate limits of such city, and which might be tried in such justice's court, and shall have exclusive jurisdiction of all actions for the recovery of any fine, penalty, or forfeiture prescribed for the breach of any ordinance of such city, of all actions founded upon any obligations or liability created by any ordinance, and of all prosecutions for any violation of any ordinance."

Section 807 (same page) reads: " The recorder shall be judge of the recorder's court, and shall have the powers and perform the duties of a magistrate.   He may administer and certify oaths and affirmations, and take and certify acknowledgments.   He shall be entitled to charge and receive for his services such fees as are or may be allowed by law to justices of the peace for like services, except that for his services in criminal prosecution for violation of ordinances he shall be entitled to receive

only such monthly salary as the board of trustees shall by ordinance prescribe; which compensation, when once fixed, shall not be altered within two years."

The jurisdiction conferred by section 806 on the recorder's court here involved is, — 1. Concurrent with justices' courts as conferred by general laws according to section 4316 of the Political Code, and sections 832 et seq. of the Code of Civil Procedure as to all matters ordinarily cognizable in the justice's court, within the corporate limits of the city of Fresno; 2. Exclusive jurisdiction within the same territory as to certain matters growing out of the ordinances of that city.

He may, in addition to presiding as judge of the recorder's court, perform all the duties and have the powers of an ordinary magistrate. He may, like a justice of the peace, take acknowledgments and affidavits. (Code Civ. Proc., sec. 179.) He is, for his services when acting in like manner as a justice of the peace, allowed " to charge and receive for his services" the same fees as such justices " are or may be allowed by law . . . . for like services." The only exception to this being that he is not entitled to receive fees, in that way, for anything done for his services in criminal proceedings under the city ordinances, but is for those services given a salary by the city trustees. It is not said expressly whom he shall charge, or from what source he shall receive the fees for his action when exercising the jurisdiction and performing the functions of a justice of the peace.

The main question for determination is, we think, whether, as to all criminal matters, under the Penal Code of the state, the action of the recorder is that of a justice of the peace or not.

The appellant seems to contend that the recorder is a mere officer of the city of Fresno, under the law authorizing charters for cities of the fifth class, and that under section 1461 of the Penal Code, which gives the defini-

tion of a police judge, that this recorder is such judge, and, as such, is not required, under section 1570 of that code, to pay over fines to the county treasurer, but must, under section 1457, pay them to the city treasurer, and must get his fees from the city.

But we do not agree to this view of the matter. As to a very similar statute conferring jurisdiction upon a recorder, it was said in *Curtis* v. *County of Sacramento*, 13 Cal. 292–294:—

"The appellant was recorder of Sacramento City, and, as such, claims that the county is indebted to him for fees due him for convictions made by him of divers criminals, prosecuted under the laws of the state. The only question presented by the record is, whether he is to be considered as a justice of the peace in respect to this claim, and is entitled, as if he were, to the fees.

"It seems that the charter of the city of Sacramento (C. L. 966, sec. 35) provided that the recorder 'should exercise all the powers of a justice of the peace in regard to offenses committed within the city limits, subject to all the rules governing justices of the peace, and have power to administer all oaths known to the law.'

.   .   .   .   .   .   .   .   .   .   .

" The point is made that the recorder is a judicial officer, and the constitution inhibits him from taking fees. But we think the constitution did not contemplate this class of officers as subjects of this inhibition. As a mere subordinate officer of the corporation, to carry into effect its by-laws or ordinances, he is less in dignity than a justice of the peace, and cannot be comprehended by a provision which expressly excludes justices; *and we think that the mere addition of the duties of justices in respect to criminal matters has no effect in depriving the office of the same qualities in this respect as that of justices. Besides, as to all this matter, he is really and in fact a justice of the peace; and the constitution, when it exempted justices from the operation of this restraint, meant*

*to exempt all those, by whatever named called, who are in-*
*trusted with the duties assigned by the law to those officers."*
(The Italics are own.)

The decision, while covering other matters besides
the one in hand, seems to go to the point involved here,
that a recorder of a city may have *a dual jurisdiction*
and functions, and may be a justice of the peace as to
certain matters, and a recorder as to others.  So here,
we think that the law under consideration confers this
jurisdiction, and we know of no provision in the consti-
tution which inhibits the legislature from creating such
an official.  (Cal. Const., art. 11, secs. 1–13.)

It appears, therefore, that as to such matters as are
given him in charge as a justice of the peace, the re-
corder is such an officer, and not a police judge.

If the recorder imposed fines as a justice of the peace,
and not as police judge, such fines by law are subject
to be paid over to the county treasury under section
1570 of the Penal Code, after payments of costs, etc.

If, then, as we conclude, the recorder, as to all prosecu-
tions under the Penal Code of which he has cognizance
under the charter, is a justice of the peace, although
section 807 of the municipal corporation bill does not
in express terms declare that he shall charge the county
for his fees when acting under that code, it nevertheless
gives him authority to charge and receive for his ser-
vices such fees " as are or may be allowed by law to jus-
tices of the peace for like services."

Section 225 of the County Government Act provides:—
" Sec. 225.   The following are county charges:—

.    .    .    .    .    .    .    .    .    .    .

" 5. All charges and accounts for services rendered
by any justice of the peace for services in the examina-
tion of the persons charged with crime not otherwise
provided for by law."

Possessing, then, as the recorder does, the right to act
and charge as a justice of the peace, and he being to all

intents and purposes a justice of the peace when acting under the Penal Code of the state as distinct from the city ordinances, he must be paid for such services as he may perform as such, by the county, like any justice of the peace in a township of a county. And the fines are subject to the same disposition as if he had imposed them as such justice of the peace.

For these reasons, we advise that the judgment be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.