## CARLISLE v. TULARE COUNTY.

Sac. No. 218; May 29, 1897.

49 Pac. 3.

City Marshal—Fees for Serving Process.—Act of March 13, 1883, section 790 (Stats. 1883, p. 261), as amended by Statutes of 1893, page 299, provides, with reference to municipal corporations of the fifth class, that the city marshal shall execute and return all process issued and directed to him by any legal authority; that he shall, for service of any process, receive the same fees as constables, and shall receive from the city such compensation as shall be fixed by ordinance, in addition to the fees and mileage received for service of process in the state courts. Penal Code, section 817, makes marshals peace officers, and section 814 provides that warrants of arrest shall run "to any marshal," among other officers. Held, that fees earned by a marshal in serving process issuing out of a justice's court for the township in which the city is situated are chargeable to the county.

City Marshal—Fees for Serving Process.—Section 790 contains the condition that the marshal shall receive a compensation from the city in addition to the fees and mileage received "for service of process of the courts of this state, other than the recorder's court of such city." Under the municipal corporation act the recorder may be a justice of the peace as to some matters, and a recorder as to others. When acting as a justice in criminal matters coming before him under the Penal Code, his fees are chargeable to the county. Held, that, where the reecorder is acting as justice of the peace, the marshal's fees for service of process issuing out of the recorder's court in misdemeanor cases under the statutes of the state are chargeable to the county.

APPEAL from Superior Court, Tulare County; Wheaton A. Gray, Judge.

Action by W. J. Carlisle against the county of Tulare. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

F. B. Howard, district attorney, and T. E. Clark for appellant; Power & Alford and W. B. Wallace for respondent.

SEARLS, C.—Action by W. J. Carlisle to recover from the county of Tulare $518.35 as fees in criminal cases earned by plaintiff as city marshal of the city of Tulare. A demurrer was interposed to the complaint, which was overruled by the court, and defendant declining to answer, judgment went for plaintiff. Defendant appeals.

There are some six causes of action set out in the complaint. Waiving these separate statements, we may epitomize the complaint, and present the salient points, thus: The city of Tulare is, and at all the times herein mentioned was, a city of the fifth class, organized and existing under and pursuant to an "Act to provide for the organization, incorporation and government of municipal corporations," approved March 13, 1883, and is within the county of Tulare. The plaintiff was and is the duly elected, qualified and acting city marshal of said city of Tulare. As such city marshal, plaintiff rendered services in serving legal process, the fees for which amounted to $518.35. Of this sum, $276.40 was for service of process issuing out of justice's court for Tulare township, wherein the fees allowed constables for like services would amount to a like sum, and $241.95 thereof was for service of process issuing out of the city recorder's court of the city

of Tulare in misdemeanor cases under the statutes of the
state, wherein constables' fees for like services would amount
to a like sum. None of the process so served in any of the
cases was upon charges of violating any city ordinance.
Plaintiff presented in due form his several claims to the board
of supervisors of the county of Tulare for allowance, and that
body rejected them upon the sole ground that they were not
lawful charges against the county of Tulare. There was at
all the times herein mentioned sufficient funds in the treas-
ury of said county to pay said claims, as well as to pay
all other claims and demands chargeable against it. The
question turns upon the liability of the county for these
charges of the city marshal for services, for which, had they
been performed by a constable, it may be admitted the
county would have been liable.

The act of March 13, 1883, entitled "An act to provide for
the organization, incorporation and government of municipal
corporations" (Stats. 1883, p. 93), provides for the incor-
poration of six classes of municipal corporations. As before
stated, the city of Tulare is a municipal corporation of the
"fifth class." Under this statute and its amendments,
among the officers provided for this class of municipal gov-
ernments is a city marshal: Stats. 1883, p. 250, sec. 751.
The marshal has charge of the department of police, has
within the city all the powers of a sheriff in the suppression
of riots, public tumult, disturbance of the peace, or resistance
against the laws or public authorities in the lawful exercise
of their functions, etc. "He shall and is hereby authorized
to execute and return all process issued and directed to him
by any legal authority. It shall be his duty to prosecute
before the recorder all breaches or violations of or noncom-
pliance with any city ordinance which shall come to his knowl-
edge": Stats. 1883, p. 261, sec. 790. The same section pro-
vides that "he shall, for service of any process, receive the
same fees as constables"; and, after enumerating at some
length his duties, the section closes as follows: "He shall
perform such other services as this act and the ordinances
of the board of trustees shall require, and shall receive such
compensation as shall be fixed by ordinance." The legisla-
ture of 1893 (Stats. 1893, p. 299) amended section 790, su-
pra, by adding after the word "ordinance," last above
quoted, the words, "in addition to such mileage and fees as

he shall receive in the service of process of the courts of this state, other than the recorder's court of such city, which mileage and fees shall be the same as is allowed by law to constables in the county in which such city is situated." Section 790 had been amended in some particulars in 1889 (Stats. 1889, p. 396), but the amendment is immaterial to the present inquiry. Section 755 of the same act provides that certain officers, among whom is the marshal, "shall receive at stated times a compensation to be fixed by ordinance by the board of trustees, which compensation shall not be increased or dismissed after their election or during their several terms of office": Stats. 1883, p. 251. In Pritchett v. Stanislaus Co., 73 Cal. 310, 14 Pac. 795, which was brought by the plaintiff to recover from the county of Stanislaus for services rendered by him as marshal of the city of Modesto, in the service of process under the laws of this state, this court held that the marshal of a municipal corporation of the sixth class was not entitled to compensation for such services unless the board of trustees of the municipality had fixed by ordinance the compensation to be paid him therefor. The statute relating to a marshal of the fifth class of municipal corporations in the act of 1883 did not differ in any material respect from that governing the sixth class, under consideration in the Pritchett case, supra. In that case it did not appear that any ordinance had been adopted by the city of Modesto fixing the compensation of the marshal. This act, as it then stood, restricted the compensation of the marshal to "such compensation as shall be fixed by ordinance": Stats. 1883, p. 261, sec. 790. But under the amendment of 1893, hereinbefore referred to, he receives from the city such compensation as shall be fixed by ordinance, "in addition to such mileage and fees as he shall receive in the service of process of the courts of this state, other than the recorder's court of such city, which mileage and fees shall be the same as is allowed by law to constables in the county in which such city is situated." It appears then: (1) That it is made the duty of the marshal to execute and return all processes issued and directed to him by any legal authority. (2) "He shall, for services of any process, receive the same fees as constables." (3) He shall receive from the city such compensation as shall be fixed by

ordinance, in addition to the fees and mileage received for service of process in the state courts. Clearly, the marshal is entitled to pay for this class of services. He is not entitled to such pay from the city, for two reasons: (1) The service of process from courts other than those of the city is a matter which does not concern the city. (2) For services rendered the city he can only be paid under an ordinance, and the amendment of 1893 contemplates that he shall be paid as constables are paid for like services. It is eminently proper that he should be paid by the county. The services rendered in criminal cases other than for violations of city ordinances are county charges. City marshals are peace officers: Pen. Code, sec. 817. Every warrant of arrest issued in this state runs, or should run, "To Any Sheriff, Constable, Marshal, or Policeman of Said State," etc.: Pen. Code, sec. 814. But it is claimed that $241.95 of plaintiff's demand was for serving process issuing out of the city recorder's court of the city of Tulare in misdemeanor cases under the statutes of this state, etc., and hence that under the amendment of 1893 to section 790 (Stats. 1893, p. 299), as fees for services in the recorder's court are excepted, no recovery can be had therefor. Under the municipal act, city recorders in cities of the fifth class occupy a dual position. The recorder's court has jurisdiction concurrently with the justice's court of all actions and proceedings, civil and criminal, arising within the corporate limits of the city; and the recorder is vested with the powers and may perform the duties of a magistrate, and is entitled to such fees as are allowed by law to justices of the peace. He has exclusive jurisdiction of all actions for the recovery of any fine, penalty or forfeiture prescribed for a breach of any ordinance of the city, and of all actions founded upon any liability or obligation created by any ordinance, and of all prosecutions for any violation of any ordinance. For his services in the transaction of the city business he is paid such salary as shall be prescribed by ordinance. In Curtis v. Sacramento Co., 13 Cal. 291, the plaintiff was city recorder, with the jurisdiction of a justice of the peace, virtually the same as here. He sued to recover fees earned in criminal cases under the laws of the state. The court held, in effect, that, as·to

the jurisdiction conferred upon him in common with justices of the peace, he was to be treated as "really and in fact a justice of the peace." In Prince v. City of Fresno, 88 Cal. 407, 26 Pac. 606, it was held that under the municipal corporation act the recorder of a city may have a dual jurisdiction and functions, and may be a justice of the peace as to some matters, and a recorder as to others; that under the municipal act he possesses the right to act as a justice of the peace, and is to all intents and purposes a justice of the peace as to all criminal matters coming before him under the Penal Code, and when acting in cases under such code he has a right to charge the county and receive for his services such fees as are allowed by law to justices of the peace in the county for like services. By parity of reasoning it may be said that, when the legislature fixed the marshal's fees for services "other than [those earned in] the recorder's court of such city," it had in view the recorder's court as a local city court, with jurisdiction to hear and determine cases arising under city ordinances, and not to the recorder under his jurisdiction as a justice of the peace arising under the laws of the state, with all the powers of a justice of the peace and magistrate. There is no good reason why the several cities of the fifth and sixth classes should pay for the services of recorders and marshals, when, as justices of the peace and constables, they are engaged in disposing of the criminal business of the state, the cost of which devolves upon the several counties in which such cities are located: Stats. 1893, p. 511. In Sonoma Co. v. City of Santa Rosa, 102 Cal. 429, 36 Pac. 810, it was said, in substance, that it is the policy of our frame of government to localize as far as can be reasonably done, not only the power but the expense of government, so that the expense of the county government should be borne by the whole county, and the expense of the city government by the city, and that, where the language of the charter is doubtful, it ought to be construed with an eye to carrying out and maintaining this cardinal distinction. Our view in holding, as we do, that the fees in question earned by the marshal in vindication of the laws of the state in cases pending in the court of the recorder while that officer is acting as a justice of the peace are county charges, gives force and effect to the distinction enunciated in Sono-

ma Co. v. City of Santa Rosa, supra. We recommend that the judgment be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.