[Civ. No. 5158. First Appellate District, Division One.—April 20, 1925.]

## COUNTY OF FRESNO (a Body Corporate and Politic), Petitioner, v. A. J. SHAW, Recorder, etc., Respondent.

[1] Courts—Violations of State Law — Jurisdiction of City Recorder of City of Sixth Class—Collection of Fines—Payment to County Treasurer.—Inasmuch as the recorder of a city of the sixth class organized under the Municipal Corporation Act, when exercising jurisdiction in proceedings based upon violations of state law, is acting as justice of the peace and not as recorder or police judge, the forum in which he is then presiding must be regarded as a justice's court and not as either a recorder's or a police court; and under section 1457 of the Penal

----

(1) 25 C. J., p. 1166, n. 88.    (2) 15 C. J., p. 985, n. 41 New.
(3) 15 C. J., p. 985, n. 41 New.

Code, as amended in 1905, all fines collected while so presiding must be paid to the county treasurer as "the offense is prosecuted for a violation of a state law in a justice's court."

[2] ID. — CITY JUSTICE'S COURT — SECTIONS 1457 AND 1570, PENAL CODE — STATUTORY CONSTRUCTION. — The tribunal in which a recorder of a city of the sixth class presides when acting in state cases cannot be regarded as a "city justice's court," as that term is employed in section 1570 of the Penal Code, for the reason that "city justice's courts" do not exist in cities of the fifth and sixth classes, the establishment of those courts being restricted to cities of the first to the fourth classes exclusively, and the status of such tribunal as a "justice's court" is not changed by the provisos added to sections 1457 and 1570 of the Penal Code, by the amendments of 1905, to the effect "that all fines and forfeitures collected in any police court or city justice's court that is maintained, and the salaries of the officers thereof paid by the city, whether prosecuted for a violation of a state law or a city ordinance shall be paid to the city treasurer of the city in which said court is located."

[3] ID. — SECTION 1461, PENAL CODE — STATUTORY CONSTRUCTION. — Under section 1461 of the Penal Code, which declares that the term "police courts" includes courts held by recorders in incorporated cities and towns, the term "police courts" applies to courts held by recorders only when prosecutions are had for offenses over which the recorder has jurisdiction as recorder, and not when the offense is one in reference to which the recorder would act as justice of the peace.

PROCEEDING in Mandamus to compel a recorder of a city of the sixth class to pay fines collected for violations of state laws to county treasurer. Writ granted.

The facts are stated in the opinion of the court.

G. R. Lovejoy, District Attorney, Fresno County, and C. M. Ozias, Deputy District Attorney, Fresno County, for Petitioner.

A. J. Shaw, *in pro. per.*, Peckinpah & Carter, Rae B. Carter, City Attorney, Coalinga, Arthur Allyn, City Attorney, Fowler, Gallagher, Simpson & Hays and W. E. Simpson, City Attorney, Fresno and Clovis, for Respondent.

LeRoy McCormick, District Attorney, Tulare County, Leslie A. Cleary, Deputy District Attorney, Tulare County,

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, *Amici Curiae*.

KNIGHT, J.—This proceeding in *mandamus* was commenced by the county of Fresno to compel the defendant A. J. Shaw, as the former city recorder of the city of Coalinga, to pay over to the treasury of said county certain fines imposed and collected by him for violations of state statutes.

The city of Coalinga, in Fresno County, is a municipal corporation of the sixth class organized under the Municipal Corporation Act. It maintains a city recorder's court. It is conceded that the entire salary of this office is paid by the city of Coalinga. By statute this court has concurrent jurisdiction with the justice's court of all actions and proceedings, civil and criminal, arising within the corporate limits of said city. The defendant A. J. Shaw formerly held the position of city recorder and as such has collected fines for violations of the state law. Although no longer occupying the position, he still retains in his custody a certain aggregate sum collected by him as fines for violations of state law. He has refused to pay this sum into the treasury of the county of Fresno and threatens to pay the same into the treasury of the city of Coalinga. This proceeding was instituted to require him to pay said sum to the county.

The solution of the questions presented involves the proper construction to be given to sections 1457 and 1570 of the Penal Code. Those sections, in connection with section 1461 of the same code, were interpreted by the supreme court in the case of *Prince* v. *City of Fresno,* 88 Cal. 407 [26 Pac. 606], and the precise question raised here was decided there. Since the decision in that case was rendered, however, certain statutory changes have been made which it is claimed overcome the effect of that decision so that it no longer controls.

At the time of the rendition of said decision section 1457 of said code provided: "Upon payment of the fine, the officer must discharge the defendant, if he is not detained for any other legal cause, and apply the money to the payment of the expenses of the prosecution, and pay over the residue, if any, within ten days, to the county or city treasurer, according as the offense is prosecuted in a justice's or police

court. If a fine is imposed, and paid before commitment, it must be applied as prescribed in this section.''

Section 1461 provides: ''The term 'police courts,' as used in this and the succeeding chapter, includes police judges' courts, police courts, and all courts held by mayors or recorders in incorporated cities or towns.''

Likewise, at the same time, section 1570 provided: ''All fines and forfeitures collected in any court, except police courts, must be applied to the payment of the costs of the case in which the fine is imposed or the forfeiture incurred; and after such costs are paid the residue must be paid to the county treasurer of the county in which the court is held.''

The case above referred to was one brought by the recorder of the city of Fresno, that city being then one of the fifth class. The plaintiff Prince presented to the city of Fresno a bill for his fees in cases where fines were collected for violations of a state law. The city refused to pay and his action followed. The County of Fresno intervened, setting up that if it were determined that the city was not liable, then the county would be, and that the fines collected by the recorder for violations of the state laws should be paid to the county treasury. The county accordingly prayed that all of the questions raised by the facts which were stipulated be determined by the court. After trial the court gave judgment that the plaintiff Prince pay over to the treasurer of the County of Fresno the fines collected for violations of state laws, and further that the County of Fresno pay to the plaintiff for services rendered in cases of violation of state law the same fees and compensation as are allowed by law to justices of the peace in like cases.

The supreme court, after noting the provisions of sections 806 and 807 of the Municipal Corporation Act (Stats. 1883, p. 93), the concurrent jurisdiction of the recorder's court with justice's court, and certain powers of the recorder's court, stated that the main question for determination was whether or not as to all criminal matters under the Penal Code the action of the recorder is that of a justice of the peace. The court then declared that a recorder of a city may have *a dual jurisdiction* and functions, and may be a justice of the peace as to certain matters and a recorder as to others, that the law under consideration conferred this jurisdiction, and that as to such matters as are given

him in charge as a justice of the peace the recorder is such an officer, *and not a police judge.* The court further declared that if the recorder imposed fines as a justice of the peace, and not as police judge, such fines by law were subject to be paid over to the county treasurer under section 1570 of the Penal Code, after payment of costs, etc.; and he was entitled to charge and receive from the county for his services such fees as were allowed by law to justices of the peace for like services; and the fines imposed by him were subject to the same disposition as if he had imposed them as such justice of the peace. The judgment was thereupon affirmed.

Since that case was decided section 1461 of the Penal Code defining police courts has not been changed. Nor has there been any substantial change in those provisions of the Municipal Corporation Act which conferred concurrent jurisdiction upon the recorder's court and under which it was held in the Prince case that the recorder when sitting in a criminal prosecution for a violation of a state law was acting as a justice of the peace and not as a police judge, and that his court was not in such cases a police court.

In 1901 (Stats. 1901, p. 88) section 1457 of the Penal Code was amended to provide that the fine should be paid "to the county or city treasurer, according as the offense is prosecuted for violation of a state law or a city ordinance, whether in the justice's court or police court." Likewise, at the same time and by the same statute section 1570 of the Penal Code was amended to add a proviso thereto requiring "all forfeitures and fines collected in any court for the violation of any city ordinance shall be paid to the city treasurer of the city in which such ordinance is in force." It is evident that neither of these changes in any way affected the question at issue and that the fines would continue to be paid as required by the decision in the Prince case.

In 1905 (Stats. 1905, pp. 176 and 177) sections 1457 and 1570 of the Penal Code were amended to their present reading, as follows:

"1457. Upon payment of the fine, the officer must discharge the defendant, if he is not detained for any other legal cause, and pay over the fine within ten days to county treasurer if the offense is prosecuted for the violation of a

state law in a justice's court; provided that all fines and forfeitures collected in any police court or city justice's court that is maintained, and the salaries of the officers thereof paid by the city, whether prosecuted for a violation of a state law or a city ordinance shall be paid to the city treasurer of the city in which such court is located; and further provided, that all fines and forfeitures collected for the violation of a city or town ordinance, in a justice's court shall be paid over to the city or town treasurer of the city or town in which such ordinance is in force, subject, however, to the provisions of chapter one of title fifteen of part one of this code.''

"1570. All fines and forfeitures collected in any court, except police courts and city justices courts, must be paid to the county treasurer of the county in which the court is held; provided, that all forfeitures and fines collected in any court, for the violation of any city or town ordinance shall be paid to the city or town treasurer of the city or town in which such ordinance is in force; and further provided, that all fines and forfeitures collected in any police court or city justice's court that is maintained, and the salaries of the officers thereof, paid by the city, shall be paid to the city treasurer of the city in which such court is located, subject, however, to the provisions of chapter one of title fifteen of part one of this code.''

It will be noted that, notwithstanding said amendments, section 1457 still plainly provides that fines shall be paid to the county treasurer "if the offense is prosecuted for a violation of a state law in a justice's court''; and that section 1570 still declares with equal clearness that all fines collected "in any court, *except police courts and city justices courts*, must be paid to the county treasurer.'' [1] Inasmuch as the recorder, when exercising jurisdiction in proceedings based upon violations of state law, is, under the Prince case, acting as justice of the peace and not as recorder or police judge, it would necessarily follow that the forum in which he is then presiding must be regarded as a justice's court and not as either a recorder's or a police court; consequently, applying the portions of section 1457 above quoted, all fines collected while so presiding must be paid to the county treasurer as "the offense is prosecuted for a violation of a state law in a justice's court.'' [2]

The tribunal in which he presides when acting in state cases cannot be regarded as a "city justice's court," as that term is employed in said section 1570, for the reason that "city justice's courts" do not exist in cities of the fifth and sixth classes, the establishment of those courts being restricted to cities of the first to the fourth classes. (Code Civ. Proc., sec. 103.)   And defendant's position is not strengthened by the provisos added to said sections 1457 and 1570, by the amendments of 1905, to the effect "that all fines and forfeitures collected in any police court or city justice's court that is maintained, and the salaries of the officers thereof paid by the city, whether prosecuted for a violation of a state law or a city ordinance shall be paid to the city treasurer of the city in which said court is located," for the reason that the language employed in said provisos, designating the court which may retain fines and forfeitures for the use of the municipality, is no broader in its terms than the language used in the forepart of those sections, which, as we have seen, specify only "police courts or city justice's courts"; and, according to the Prince case, the recorder's court is neither, when dealing with state cases.

True, all violations of state laws must, of necessity, under the ruling in the Prince case, be had before one sitting as justice of the peace and not as police judge; but such fact does not totally destroy the usefulness of the provisos added by the amendments of 1905, for the reason that the said provisos are still operative in cities of higher classifications, the law having made distinct provision for police courts and city justice's courts in cities of such higher classifications.   **[3]** Neither can it be said that the construction herein placed upon said sections ignores the provisions of section 1461 of the Penal Code, which declares that the term "police courts" includes courts held by recorders in incorporated cities and towns, because this section, in its present form, was also under consideration in the Prince case, and it was there held, as already stated, that the term "police courts" applied to courts held by recorders only when prosecutions are had for offenses over which the recorder has jurisdiction as recorder, and not when the offense is one in reference to which the recorder would act as justice of the peace.

For the reasons stated we think it obvious that, even though as defendant contends the purpose of said amendments was to avoid the objections pointed out in the Prince case, said amendments were couched in terms which wholly failed to accomplish the object sought. We are, therefore, of the opinion that the law of the Prince case, in the present situation, is still controlling.

Let the writ issue as prayed.

Tyler, P. J., and Cashin, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1925.

Lawlor, J., Richards, J., and Shenk, J., dissented.